Argued and submitted June 30, reversed and remanded for new trial
October 22, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## RAYMOND JOSEPH LEAHY,
*Appellant.*

## 000092CR; A114650

78 P3d 132

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Kaye Ellen McDonald, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Schuman, Judge.

EDMONDS, P. J.

---

* Deits, C. J., *vice* Kistler, J., resigned.

## EDMONDS, P. J.

Defendant was convicted after a trial to the court of four counts of sodomy in the first degree. ORS 163.405. He appeals the convictions, assigning error to the state's failure to give timely notice of its intent to offer certain hearsay statements by the victim and to the admission of testimony that he claims impermissibly commented on the credibility of another witness's testimony. We reverse and remand.

■      OEC 803(18a)(b) provides an exception to the general rule excluding hearsay, OEC 802. Under OEC 803(18a)(b), out of court statements made by victims of certain kinds of crimes may be admitted under certain circumstances.[1] As we have made clear in several cases decided after the trial in this case,[2] OEC 803(18a)(b) establishes that notice must be provided 15 days before trial by the party seeking to admit the statement, unless good cause is shown for any delay, and, in the absence of notice or good cause shown, the statements are not admissible under this rule. Here, the state provided written notice seven days before trial.

At a pretrial hearing, the state made several arguments for the admission of the testimony despite its lack of compliance with the 15-day notice requirement of OEC 803(18a)(b). First, it identified the issue at the hearing as

---

[1] OEC 803(18a)(b) provides, in part:

"A statement made by a person concerning an act of abuse as defined in ORS 107.705 or 419B.005 * * * is not excluded by [OEC 802] if the declarant either testifies at the proceeding and is subject to cross examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made * * *. However, if a declarant is unavailable, the statement may be admitted in evidence only if the proponent establishes that the time, content and circumstances of the statement provide indicia of reliability, and in a criminal trial that there is corroborative evidence of the act of abuse and of the alleged perpetrator's opportunity to participate in the conduct and that the statement possesses indicia of reliability as is constitutionally required to be admitted. No statement may be admitted under this paragraph unless the proponent of the statement makes known to the adverse party the proponent's intention to offer the statement and the particulars of the statement no later than 15 days before trial, except for good cause shown."

[2] *State ex rel Juv. Dept. v. Sauer*, 189 Or App 78, 73 P3d 293 (2003); *State v. McKinzie*, 186 Or App 384, 63 P3d 1214, *rev den*, 336 Or 16 (2003); *State v. Iverson*, 185 Or App 9, 57 P3d 953 (2002), *rev den* (2003).

"whether or not the reasons for filing [the notice] afterwards are good cause." The state then went on to argue that there was "good cause shown" why it did not comply with the notice requirement because the prosecutor was new to the case and had not "taken the time to look at the name on each motion" that had already been filed. The state also argued that the reason for the rule is to "eliminate surprise" and to allow the trial court to rule on preliminary questions before a jury is empaneled. Finally, the state asserted that it had provided defendant with discovery. The prosecutor told the trial court that he thought that he and defense counsel "had discussed this before." The trial court ruled that defendant had "implicit knowledge" of the fact that the state intended to offer evidence under OEC 803(18a)(b) through the list of witnesses furnished by the state.

■       The state first argues on appeal that it complied with the notice requirement. It relies on the following statement by the prosecutor to the trial court:

> "The [s]tate's position is that all of what we have listed in this motion has been provided to [d]efense [c]ounsel from the very beginning, from the initial providing of discovery, they have been aware of it. I think [defense counsel] and I have even discussed this before, in this case, and based on these, based on this case and the reason behind it[,] we don't feel there's actually any prejudice."

The state argues that the trial court's finding that defendant had "implicit knowledge" of its intention to offer the statements is binding on this court because it is supported by evidence (the prosecutor's statement) in the record.

■■       If the trial court had made a finding of fact that defense counsel had received the notice contemplated by the rule, that finding of fact would be binding on this court if supported by constitutionally sufficient evidence, as the state contends. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). However, the trial court did not find that the state provided notice to defendant of its intent to offer evidence under OEC 803(18a)(b) as the rule requires. Rather, it found that defense counsel had "implicit knowledge" or "implicit notice" because, based on discovery, witness lists, and a knowledge of the

issues, defense counsel could, in effect, deduce that the state intended to offer the statements. In *State ex rel Juv. Dept. v. Sauer*, 189 Or App 78, 84, 73 P3d 293 (2003) and *State v. McKinzie*, 186 Or App 384, 391-94, 63 P3d 1214, *rev den*, 336 Or 16 (2003), we held that merely providing discovery of the statements does not comply with the literal requirements of the rule. Rather, as promulgated by the legislature, the rule requires an additional act beyond furnishing a list of witnesses as part of the discovery process. The notice must convey that the proponent intends to offer the statements, and the notice must identify the particular statements that the proponent seeks to introduce. Those requirements were not met here by the prosecutor's statement to the trial court.

■　　The state also argues that any error in admitting the evidence was harmless, because defendant was not prejudiced by the lack of notice. According to the state, the inquiry regarding "harmless error" should focus on whether defendant was prejudiced by the state's delay in filing the notice. However, as we established in our previous cases interpreting OEC 803(18a)(b), the proper inquiry is whether the admission of the evidence under the rule was prejudicial to defendant's ability to defend the charges against him. *Sauer*, 189 Or App at 84; *McKinzie*, 186 Or App at 395; *State v. Iverson*, 185 Or App 9, 15-16, 57 P3d 953 (2002), *rev den*, 335 Or 655 (2003). Here, the state points out that the victim testified and that some of the erroneously admitted statements might have been admissible under the medical diagnosis and treatment exception to the general ban on hearsay. *See* OEC 803(4). However, our review of the testimony indicates that the victim did not respond to the prosecutor's direct questions but was only able to confirm that she remembered what she had told her mother and that it was true. Her testimony, therefore, was dependent on the hearsay statements admitted through the victim's mother's testimony. While it is indeed possible that some or all of the statements the state offered under OEC 803(18a)(b) could have been admissible under other exceptions to the prohibition against the admission of hearsay evidence, the state did not offer them under those exceptions, and we cannot speculate how the record would have been developed by both parties had the state

made its offer under other rules of evidence. Consequently, we are not prepared on the record before us to hold that the disputed evidence would have been otherwise admissible.

■■ Defendant also assigns error to the admission into evidence of an opinion by a witness that, according to defendant, commented impermissibly on the credibility of another witness's testimony. Because the same or similar testimony may be elicited on retrial, we offer guidance on this issue. A state trooper specializing in child abuse investigation interviewed the victim and eventually referred her to the Child Abuse Response and Evaluation Services (CARES). At trial, the trooper was asked by the prosecutor on direct examination,

> "Based on your past experience and training, the fact that you served on the panel, you've done 100 plus investigations, that you've been certified as an expert in Union County, and that you're certified as a Child Abuse Investigation instructor, based on your initial interview with the victim, your contact with [d]efendant, and you attending and listening to the victim at the CARES interview, do you have an opinion as to the abuse of [the victim]?"

Defense counsel objected on the ground that the question called for the witness to "comment on the credibility of a person who will be a witness in this case." After some discussion, the trial court overruled the objection and said that it would "decide what weight to give it as we go through." The trooper then testified, "I believe that it most definitely happened exactly the way the victim described it to me."[3]

■■ "[I]n Oregon[,] a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth." *State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983). In fact, expert testimony that is even "tantamount" to saying that a particular witness is telling the truth is inadmissible. *See, e.g., State v. Keller*, 315 Or 273, 285, 844 P2d

---

[3] The state points out that the question asked only if the witness had an opinion and that the answer was, therefore, nonresponsive. It argues that defendant was required to object to the answer on that basis. However, defendant's objection correctly anticipated the answer of the witness and framed the issue for the trial court. The fact that the answer may have been objectionable on another ground does not preclude defendant from obtaining appellate review of the court's ruling.

195 (1993) (expert's testimony that "[t]here was no evidence of leading or coaching or fantasizing" by alleged child victim of sexual abuse, and that child was "obviously telling you about what happened to her body" was an improper comment on the witness's credibility); *State v. Milbradt*, 305 Or 621, 630, 756 P2d 620 (1988) ("An opinion that a person is not deceptive, could not lie without being tripped up, and would not betray a friend (to wit: the defendant) is tantamount to" an expert opinion on credibility, and therefore inadmissible); *State v. McQuisten*, 97 Or App 517, 519-20, 776 P2d 1304 (1989) (officer's statements indicating that he believed story of complaining witness, and that her responses were "typical of persons who had been accosted," were inadmissible). On the other hand, an expert may comment on whether a witness's inconsistent statements are consistent with, or similar to, the "common phenomenon" of false recantation by abuse victims. *Middleton*, 294 Or at 436; *State v. Remme*, 173 Or App 546, 561, 23 P3d 374 (2001). In *Remme* we explained that the "common principle underlying *Middleton, Milbradt*, and *Keller* is that expert testimony must assist, not supplant, the jury's assessment of credibility." 173 Or App at 562. Here, the officer's statement, "I believe that it most definitely happened exactly the way the victim described it to me" constitutes a direct comment on the credibility of the victim, another witness, and it is not the kind of expert testimony that would assist the factfinder by, for example, "explaining * * * superficially bizarre behavior by identifying its emotional antecedents." *Middleton*, 294 Or at 436. Accordingly, we hold that admission of the trooper's testimony was error.

In sum, the above errors, both individually as well as combined, require that we reverse defendant's convictions.

Reversed and remanded for new trial.