248 P.3d 432 (2011)
240 Or. App. 541
STATE of Oregon, Plaintiff-Respondent,
v.
Lawrence David CHASE, Defendant-Appellant.
C080088CR; A140643.
Court of Appeals of Oregon.
Submitted May 28, 2010.
Decided February 2, 2011.
*433 Peter Gartlan, Chief Defender, and Meredith Allen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.
John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.
Before ORTEGA, Presiding Judge, and SERCOMBE, Judge, and LANDAU, Judge Pro Tempore.
SERCOMBE, J.
Defendant appeals his convictions after a jury trial of five counts of first-degree sexual abuse and one count of attempted sodomy in the first degree, contending that the trial court erred in admitting hearsay statements concerning the victim's statements of abuse, OEC 803(18a)(b), and a hearsay statement that the victim was fearful of intruders, which was offered to show the victim's state of mind. OEC 803(3). We conclude that the trial court erred in admitting the hearsay statements of abuse and, therefore, reverse.
Because the jury found defendant guilty, we state the facts in the light most favorable to the state. State v. King, 307 Or. 332, 768 P.2d 391 (1989). In July 2000, defendant moved in with his sister, Jacquelyn Chase, in Aloha, Oregon, while recovering from surgery. Chase's grandson, the victim, was six years old at the time and was a frequent visitor. The victim spent unsupervised time with defendant.
Defendant put his hand on the victim's penis at least four times during the months that defendant lived with Chase in Aloha. In October 2000, Chase moved to Richland, Oregon, and defendant lived in a trailer on the property. The victim visited Chase during the summer and on school breaks and continued to spend unsupervised time with defendant. There is evidence that defendant engaged in abusive behavior on at least two occasions in Richland.
The victim visited Chase in the summer of 2007. The night before he returned home, the victim and Chase discussed defendant, and the victim told Chase that defendant is a "pervert" and that he was tired of telling defendant that he was not gay. Chase pursued the matter and the next day the victim told her that defendant had molested him. Chase advised the victim to report the abuse to his parents.
The victim subsequently told his mother and an aunt that defendant had touched him inappropriately. The victim's mother contacted police, and the victim received a CARES evaluation.[1] In a forensic interview, the victim was reluctant to answer questions; however, he ultimately told the interviewer that he had been molested by defendant and that the molesting had begun when defendant was living with Chase in Aloha. He said that defendant touched him on his private area. He also said that defendant had told the victim to put his mouth on defendant's private area. The interviewer considered the victim's testimony "highly concerning" for sexual abuse.
Before trial, the state provided defendant with approximately 53 pages of discovery, including the transcript of the CARES interviews of the victim and statements made by the victim to his mother, Chase, and an aunt concerning the abuse. Some of the statements made to the CARES interviewer were duplicative of statements that the victim had made to family members, but provided greater detail.
Statements made by a person concerning an act of abuse are admissible hearsay, if adequate notice of the intention to offer the statements is provided pursuant to OEC 803(18a)(b).[2] The state notified defendant of its intent to offer the statements:

*434 "2. [T]he foregoing and subsequent reports contain particulars of statements made by [the victim] that the State intends to offer[.]"
The state sought to present the victim's out-of-court statements through the testimony of Chase, the victim's mother, the victim's aunt, and a forensic interviewer for CARES. In a motion in limine, defendant moved to exclude the hearsay statements for the reason that the state had not satisfied the notice requirement of OEC 803(18a)(b), because the notice had merely referred to the discovery and had not identified particular statements.
The court asked the prosecutor to identify the statements that she sought to have admitted, and she responded:
"There were only 53 pages of discovery total submitted to the defense. My point is to highlight that this is not a particularly large or voluminous case[.]
"* * * I'm speaking of statements made by [the victim] at CARES Northwest contained in defense discovery pages 23 through 38, and I'm also referring to statements made by [the victim] to his grandmother * * * Chase, his mother * * * [and his aunt]."
The prosecutor noted that the victim's statements to Chase, his mother, and his aunt were contained in discovery at pages 7 through 11. Defendant asserted that the state's notice was inadequate, because the rule requires that the notice identify the particulars of the statementsthe state must "not simply rely on [the defense] to sort through 53 pages * * * to determine what statements in particular the state is wanting to enter."
The trial court denied the motion, explaining that OEC 803(18a)(b) did not require that the state provide an exact quote or paraphrase of the statements; rather notice was sufficient if it stated to whom the statement was given and from whom the statement would come. In the trial court's view, the state's notice was sufficient. The court explained:
"I think if the [legislature] and case law that surrounds this wanted it to be the exact quoted or paraphrased statements, they would have said that, but I think the particulars of the statements include basically a broader parameter, which is I think what has been satisfied. I'm not even sure * * * that the state's obligated to do that, other than just turnover the discovery, but I think the particulars of the statements beingwho would the statement * * * come through as a witness, who the statement was given to, I think that that's sufficient."
At trial, the state introduced a DVD of the CARES interview of the victim and the testimony of the victim, his mother, aunt, and grandmother.
On appeal, defendant continues to assert that the state's notice was inadequate, because it did not provide the particulars of the statements to be offered. In response, the state admits that the notice did not specifically list each and every statement that the state intended to offer; however, the state contends that the notice was sufficiently detailed because it informed defendant that the state could potentially offer any of the victim's statements to the CARES interviewer and to the victim's relatives about defendant's abuse contained in the 53 pages of discovery.
*435 We review the trial court's determination that the state's notice complied with the rule for legal error. In State v. Leahy, 190 Or.App. 147, 151, 78 P.3d 132 (2003), we said that merely providing discovery of statements or furnishing a list of witnesses does not comply with the literal requirements of OEC 803(18a)(b). Here, the state is correct that it did more than merely provide discovery, but not much moreit also notified defendant that it intended to offer hearsay statements contained in the discovery, but did not identify specifically which statements it would offer. OEC 803(18a)(b) requires that the state give notice of the particulars of the statements. Webster's Third New Int'l Dictionary 1647 (unabridged ed 2002) defines a "particular" as "an individual fact, point, circumstance, or detail * * * specific item of information." There were multiple hearsay statements in the 53 pages of discovery. It was not sufficient for the state to notify defendant of its intention to potentially offer any of those statements. Although we agree with the trial court and the state that the notice was not required to set forth the statements verbatim, simply providing discovery and notice of an intention to offer at trial hearsay statements contained in discovery is not sufficient. We conclude that the rule's requirement that the proponent identify the particulars of the statement requires at a minimum that the state identify in its notice the substance of the statement sought to be introduced and also identify the witness or the means by which the statement would be introduced. The state's notice was too general because it did not describe the substance of the victim's hearsay statements or how they would be offered.
The state asserts that defendant suffered no prejudice from the lack of particularity in the notice. However, as we explained in State v. Iverson, 185 Or.App. 9, 15-16, 57 P.3d 953 (2002), rev den, 335 Or. 655, 75 P.3d 898 (2003), the prejudice inquiry, when there has been a failure to comply with the notice requirement of OEC 803(18a)(b), is whether the defendant was prejudiced by the admission of the evidence. The admission of the evidence was harmless if there is little likelihood that the evidence affected the verdict. State v. Davis, 336 Or. 19, 32, 77 P.3d 1111 (2003).
Clearly, in this case, there was prejudice. The victim testified reluctantly and could not remember details at the time of trial; however, he testified that his memory at the time of the CARES interview was better and that his statements to the CARES interviewer, which were much more detailed, were truthful. Thus, the hearsay statements provided persuasive evidence of abuse, and the state does not contend otherwise. This court cannot say that there is little likelihood that the erroneous admission of the evidence affected the verdict.
In light of our conclusion, we do not address defendant's second assignment of error.
Reversed and remanded.
NOTES
[1] CARES is a regional child abuse assessment center for the northern region of the state. The acronym CARES originally stood for "Child Abuse Response and Evaluation Services." State v. Norby, 218 Or.App. 609, 612, 612 n. 1, 180 P.3d 752 (2008).
[2] OEC 803(18a) provides, in relevant part:

"The following are not excluded by ORS 40.455, even though the declarant is available as a witness:
"* * * *
"(18a)(a) A complaint of sexual misconduct[ or a] complaint of abuse as defined in ORS 107.705 or 419B.005 * * * made by the witness after the commission of the alleged misconduct or abuse at issue. Except as provided in paragraph (b) of this subsection, such evidence must be confined to the fact that the complaint was made.
"(b) A statement made by a person concerning an act of abuse * * * if the declarant either testifies at the proceeding and is subject to cross-examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made * * * may [not] be admitted under this paragraph unless the proponent of the statement makes known to the adverse party the proponent's intention to offer the statement and the particulars of the statement no later than 15 days before trial, except for good cause shown."
(Emphasis added.)