Argued and submitted December 18, 2012, reversed and remanded June 5, 2013

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**DUSTIN ALLEN EDBLOM,**
*Defendant-Appellant.*

Lane County Circuit Court
200913437; A145731

303 P3d 1001

Ryan T. O'Connor, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Andrew M. Lavin, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

DUNCAN, J.

**DUNCAN, J.**

In this criminal case, defendant appeals the trial court's judgment convicting and sentencing him for three counts of sexual abuse in the first degree, ORS 163.427, and two counts of unlawful sexual penetration in the first degree, ORS 163.411. On appeal, defendant argues, *inter alia,* that the trial court erred in admitting hearsay statements pursuant to OEC 803(18a)(b),[1] because the state did not provide the required notice of its intent to offer the statements. For the reasons explained below, we agree and, therefore, reverse and remand.[2]

We begin our discussion with a statement of the relevant facts, which are procedural. In 2009, defendant was charged with sexually abusing two sisters, C and K. Specifically, defendant was charged with six counts of sexual abuse in the first degree against C (Counts 1, 3, 4, 5, 7, and 9), five counts of unlawful sexual penetration in the first degree against C (Counts 2, 6, 8, 10, and 11), and three counts of sexual abuse in the first degree against K (Counts 12, 13, and 14). The state's theory was that defendant abused C between 2005 and 2007, when C was seven and eight years old, and that he abused K between 2005 and 2006, when K was five and six years old.

Prior to trial, the state notified defendant that it intended to introduce hearsay statements pursuant to OEC 803(18a)(b), which provides for the admission of certain "statements by a person concerning abuse," provided that "the proponent of the statement makes known to the adverse

---

[1] OEC 803(18a)(b) provides, in pertinent part:

"A statement made by a person concerning an act of abuse as defined in ORS 107.705 or 419B.005 * * * is not excluded by ORS 40.455 [OEC 802, which provides that hearsay is not admissible] if the declarant either testifies at the proceeding and is subject to cross-examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made or was 65 years of age or older when the statement was made. * * * No statement may be admitted under this paragraph unless the proponent of the statement makes known to the adverse party the proponent's intention to offer the statement and the particulars of the statement no later than 15 days before trial, except for good cause shown."

[2] As described below, 257 Or App at 28, and n 5, defendant makes three additional assignments of error, which we do not reach because we reverse and remand based on the erroneous admission of the hearsay statements.

party the proponent's intention to offer the statement and the particulars of the statement no later than 15 days before trial, except for good cause shown."[3] To comply with the statute's notice requirement, the state provided defendant a written notice, dated August 3, 2009, that stated:

"Pursuant to ORS 40.460 (18)(b), notice is hereby given that the State intends to offer hearsay statements of the victim regarding the nature of the criminal acts committed by the defendant upon the victim. Said statements are contained in substance in any law enforcement investigative reports, social service agency reports, school records, and video and audio tapes and other items which have been and will be discovered in this case.

"The State intends to offer all of the victim statements regarding the defendant's criminal acts."

In response, defendant filed a written objection to the admission of any hearsay statements under OEC 803(18a)(b) on the ground that the state's notice was insufficient. Specifically, defendant asserted, "The language of the * * * notice is a statutorily insufficient designation of the 'particulars' as required by the clear text of [OEC 803(18a)(b)]." Defendant also asserted that, although the notice referred to school records and video and audio tapes, he had not received any such items in discovery, and he contended that the state could not give "a general notice covering all possibilities [and] thereby avoid the rule requiring 15-day notice" because "if [that] were the case, the [s]tate could just avoid any notice requirement by providing * * * the discovery at the last minute."

On the morning of the first day scheduled for trial, November 17, 2009, the parties and the trial court discussed defendant's objection in the court's chambers. Afterwards, the court summarized their discussion for the record, stating that there were tape-recorded interviews of C and K and that the state did not intend to introduce the tapes, but that defendant was reserving the option of introducing them to

---

[3] Here, as defendant acknowledges, C's allegations of sexual abuse and unlawful sexual penetration satisfy the definition of "abuse" in ORS 419B.005(1)(a)(C) and (D).

impeach the children, depending on their testimony. Then the court asked whether, given that the state did not intend to introduce the tapes, there was anything further to put on the record, and defendant reiterated his overall objection to the sufficiency of the state's notice, stating that the notice did not have "enough specificity" about "who [the state was] actually going to call." Defendant informed the court that, five days before trial, the state had notified him that it intended to call a counselor to testify to statements that the children had made to her. Defendant contended that the counselor's testimony should be excluded because of the insufficiency of the state's notice.

In response, the state acknowledged that it had not informed defendant that it intended to call the counselor as a witness until five days before the trial, but it contended that it had provided timely notice for the purposes of OEC 803(18a)(b) because its August 2009 written notice "cover[ed] the possibility of any subsequent witnesses who would become available or known to the state[.]" The state pointed out that it had provided defendant a copy of a statement by the counselor on September 24, 2009, and contended that, as a result, defendant "had notice, at least, of [the counselor's] information, and [the] possibility [that she would be called] as a witness in this case since September 24th." The state's position was that the general language of its written notice was sufficient to allow it to introduce any hearsay statements that it provided to defendant in discovery, before or after it provided the notice. The state argued that "the only purpose of the 15-day notice is * * * to alert the defense that there are aspects of the discovery that the state will take advantage of, and that it was done in this case."

Defendant disagreed and cited *State v. McKinzie*, 186 Or App 384, 63 P3d 1214, *rev den*, 336 Or 16 (2003), in which we observed that, when enacting OEC 803(18a)(b),

"[t]he legislature could have provided that affording discovery was adequate to satisfy the rule. Instead, however, it required the offering party *to make known its intention to offer the evidence at trial* at least 15 days before trial. * * * [T]he fact that defendant received discovery of the

out-of-court statements of the victim does not satisfy the rule's requirement."

*Id*. at 391 (emphasis in original). Based on the text of OEC 803(18a)(b), *McKinzie*, and *State v. Iverson*, 185 Or App 9, 16, 57 P3d 953, *rev den*, 335 Or 655 (2002), in which we held that the remedy for failing to provide the 15-day notice was exclusion of evidence that was subject to the notice requirement, defendant argued that the state's hearsay evidence was inadmissible.

The trial court overruled defendant's objection without explanation, and the case proceeded to a jury trial. The state did not introduce the tapes of the interviews of the children, and neither did defendant. The state did, however, introduce other hearsay statements by the children through the counselor and their father. The jury acquitted defendant of the counts alleging crimes against K and could not reach verdicts on the counts alleging crimes against C.

In 2010, the state tried defendant a second time on the counts alleging crimes against C. As mentioned, defendant was charged with six counts of sexual abuse in the first degree against C (Counts 1, 3, 4, 5, 7, and 9) and five counts of unlawful sexual penetration in the first degree against C (Counts 2, 6, 8, 10, and 11). The trial was consolidated with the trial in another case, in which defendant was charged with sexually abusing a third child, B.

The state did not provide defendant with a new written notice of its intent to offer hearsay statements by C before the second trial; it relied on the notice provided before the first trial.[4] As he had before the first trial, defendant filed a written objection to the introduction of any hearsay statements under OEC 803(18a)(b) on the ground that the state had not provided sufficient notice of the statements it intended to offer. The parties and the trial court discussed the motion, along with other matters, on the morning of the first day scheduled for trial, April 20, 2010. The state informed the court that it intended to introduce C's

---

[4] The state did provide defendant with a notice of its intent to introduce B's hearsay, but the state does not contend that that notice related to C's hearsay statements, which are the subject of this appeal.

tape-recorded statements, which it had not introduced at the first trial. The state asserted that defendant had filed a similar written objection to the admission of evidence pursuant to OEC 803(18a)(b) before the first trial, moving to "exclude that evidence[,] which includes the tapes of the interviews." Therefore, the state argued, the court had already ruled on defendant's objection and its ruling was the law of the case. Alternatively, the state argued that the court should deny the objection on the merits. In response, defendant argued that the court could rule on his objection because a court can always revisit an evidentiary ruling. He also argued that the court's ruling before the first trial did not cover C's tape-recorded statements because, before the court ruled in that trial, the state informed the court that it did not intend to introduce C or K's tape-recorded statements.

The trial court overruled defendant's objection, reasoning that discovery satisfies the notice requirement of OEC 803(18a)(b). The court told defendant that when a statement is not recorded, the proponent of the statement "[has] to give you the particulars of what it is so you know. But when it's filmed or written down, you get the particulars when you get the film or the writing." The court concluded that the notice the state filed before the first trial "was sufficient, given that discovery points out exactly what the state is offering."

The case proceeded to a jury trial. The state played the tape-recorded interview of C and introduced a transcript of the interview. The state also presented several witnesses who testified that C had told them that defendant had sexually abused her. The witnesses included K, who testified that C had told her that "she was being touched" and that C had made similar statements to their mother and a neighbor. The witnesses also included B, the alleged victim in the case that was consolidated for trial, and B's mother, Bailey. B testified that C said that defendant had abused her and K. Bailey testified that C and K told her that defendant "had been touching them inappropriately."

In the case involving B, the jury found defendant not guilty of the single charged count. In the case involving

C, the trial court granted the state's motion, made at the close of the trial, to dismiss two of the counts (Counts 3 and 9). The jury could not reach verdicts on two of the counts (Counts 8 and 10), and the jury found defendant not guilty of two counts (Counts 1 and 2) and guilty of five counts (4, 5, 6, 7, and 11).

On appeal, defendant raises four assignments of error. In his first, he assigns error to the trial court's admission of C's hearsay statements over his objection that the state's notice of its intent to offer the statements did not satisfy the particularity requirement of OEC 803(18a)(b). In his second, he assigns error to the court's admission of a statement he made speculating about why C and K would have accused him of sexual abuse. In his third and fourth, he assigns error to the court's denial of his motion for unanimous verdicts and its imposition of judgments of conviction based on nonunanimous verdicts, respectively. We conclude that the trial court erred in admitting C's hearsay statements under OEC 803(18a)(b) because the state's notice was not sufficient and, therefore, we reverse and remand.[5]

We review a "trial court's determination that the state's notice complied with [OEC 803(18a)(b)] for legal error." *State v. Chase*, 240 Or App 541, 546, 248 P3d 432 (2011). To comply with OEC 803(18a)(b), a notice "must convey that the proponent intends to offer the statements, and the notice must identify the particular statements that the proponent seeks to introduce." *State v. Leahy*, 190 Or App 147, 151, 78 P3d 132 (2003). More specifically, the notice must, at a minimum, identify "the substance of the statement sought to be introduced and also identify the witness or the means by which the statement [will] be introduced."[6] *Chase*, 240 Or App at 546-47.

---

[5] Because we reverse and remand based on defendant's first assignment of error, we do not address defendant's remaining assignments of error except to note that, as to defendant's arguments regarding the nonunanimous jury verdicts, this court has previously rejected those contentions. *See, e.g., State v. Bainbridge*, 238 Or App 56, 59, 241 P3d 1186 (2010).

[6] Defendant's argument is that the notice the state provided before the first trial was insufficient. Defendant does not argue that the state was required to provide a new notice before the second trial, and we do not address that issue.

In *Chase*, the state provided the defendant with a written notice that referred to 53 pages of discovery and stated that "'[t]he foregoing and subsequent reports contain particulars of statements made by [the alleged victim] that the State intends to offer.'" *Id*. at 544. The defendant argued that the notice was insufficient; the trial court disagreed and admitted the hearsay statements. The defendant was convicted and appealed, assigning error to the trial court's admission of the hearsay statements. On appeal, the state argued that "the notice was sufficiently detailed because it informed defendant that the state could potentially offer *any* of the victim's statements to the CARES interviewer and to the victim's relatives about the defendant's abuse contained in the 53 pages of discovery." *Id*. at 546 (emphasis in original). We rejected that argument, holding that the notice was insufficient because "it did not describe the substance of the victim's hearsay statements or how they would be offered." *Id*. at 547.

*State v. Bradley*, 253 Or App 277, 282, 290 P3d 827 (2012), is similar. In *Bradley*, the defendant was charged with sexually abusing two children. 253 Or App at 279. The prosecutor notified the defendant that she planned to introduce one child's hearsay statements and provided the defendant with a written notice that stated that "the State has provided to the defendant copies of available reports in this case" and that "the foregoing and subsequent reports contain the particulars of statements made by [the victim] that the state intends to offer[.]" *Id*. at 280. The defendant moved to exclude the statements on the ground that the written notice did not identify the statements that the state intended to introduce. *Id*. The trial court denied the motion. *Id*. The defendant was convicted and appealed, arguing that the trial court erred in concluding that the state's notice was sufficient and admitting the child's hearsay statements. We agreed and reversed, holding that the notice was insufficient because it "did not identify the particular statements that the state intended to offer or how they would be offered." *Id*. at 283.

The notice in this case is similar to those in *Chase* and *Bradley*. Again, the notice provided:

"Pursuant to ORS 40.460 (18)(b), notice is hereby given that the State intends to offer hearsay statements of the victim regarding the nature of the criminal acts committed by the defendant upon the victim. Said statements are contained in substance in any law enforcement investigative reports, social service agency reports, school records, and video and audio tapes and other items which have been and will be discovered in this case.

"The state intends to offer all of the victim statements regarding the defendant's criminal acts."

As such, the notice served only to notify defendant that the state intended to offer all statements by the alleged victim regarding criminal acts defendant committed against her and that the statements were contained in any discovery that had been or would be provided. The notice did not identify any particular statements, nor did it specify the witnesses or the means by which the statements would be introduced.

Contrary to the trial court's reasoning, discovery does not constitute notice for the purposes of OEC 803(18a)(b). As we observed in *McKinzie*, "the legislature could have provided that affording discovery was adequate to satisfy the rule. Instead, however, it required the offering party *to make known its intention to offer the evidence at trial* at least 15 days before trial." 186 Or App at 391 (emphasis in original). *See also Bradley*, 253 Or App at 283 (written notice that materials provided in discovery contained the statements that the state intended to offer was insufficient); *Chase*, 240 Or App at 546-47 (same); *Leahy*, 190 Or App at 151 (explaining that "merely providing discovery of the statements does not comply with the literal requirements of the rule"). Whether a defendant has received a copy of the statement in discovery, and whether the defendant believes that the state intends to offer the evidence, "misses the point of the statute." *McKinzie*, 186 at 393-94 (explaining that OEC 803(18a)(b) requires an "affirmative act[]" of notification and noting that, to be discoverable, a statement need only be relevant, "[i]t need not [be] an item that [will] be *offered* at trial" (emphasis in original)).

The state does not contend that the written notice was sufficient to satisfy OEC 803(18a)(b). Indeed, it

acknowledges that the written notice did not disclose the substance of the hearsay evidence or the manner by which it intended to introduce the evidence and, therefore, the notice was insufficient under *Chase*. But, the state contends that it "satisfied its notice obligation under OEC 803(18a)(b) through pretrial discovery, a written notice, and discussions about the evidence during the first trial."

The state begins its argument by asserting that the only "hearsay evidence at issue in this case" is the tape-recorded interview of C.[7] The state contends that, at the second trial, defendant's objection to the hearsay evidence was limited to the tape recording. That is incorrect. As described, before the second trial, defendant filed a written objection to the admission of hearsay evidence under OEC 803(18a)(b). The objection was similar to the one defendant filed before the first trial. It states, "Defendant objects to the State's hearsay notice under OEC 803(18[a])(b) as statutorily insufficient and moves the court for an order excluding said hearsay." As set out above, the state's notice purported to apply to "all of the victim statements regarding the defendant's criminal acts." Thus, defendant's objection was directed at all the hearsay the state sought to admit under OEC 803(18a)(b). And, indeed, that is how the state understood it. As described above, at the hearing before the second trial, the state argued that defendant had already filed, and the court had already denied, defendant's motion "to exclude that evidence[,] which includes the tapes of the interviews."

But, even assuming for the sake of argument that C's tape-recorded statements are the only hearsay statements at issue, the state's argument that it provided sufficient notice of its intent to introduce the tape-recorded statements is unavailing. As mentioned, the state contends that it provided sufficient notice by (1) serving defendant with the general written notice, (2) providing defendant a copy of the tape-recording in discovery, and (3) discussing the evidence before the first trial.

The general written notice and discovery are not sufficient, alone or together, to provide notice. As discussed

---

[7] In the record, the recording is described both as a tape and a DVD. For consistency, we refer to it as a tape.

above, 257 Or App at 30, discovery does not constitute notice for the purposes of OEC 803(18a)(b). In addition, the discussion of the evidence before the first trial did not provide any notice that the state would offer the tape-recorded statements. During that discussion the state said that it would not introduce the tape-recorded statements at trial, and, in fact, the state did not do so at the first trial. Thus, nothing the state did before or during the first trial put defendant on notice that the state intended to offer C's tape-recorded statements at the second trial. To the contrary, the state's actions indicated that it would not introduce the tapes. Therefore, we conclude that the trial court erred in admitting C's hearsay statements—including, but not limited to, C's tape-recorded statements—because the state did not provide sufficient notice of its intent to offer the statements as required by OEC 803(18a)(b).

We turn to whether the trial court's error in admitting C's hearsay statements was harmless. An error is harmless only when there is "little likelihood that the error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003).

"[T]he prejudice inquiry, when there has been a failure to comply with the notice requirement of OEC 803(18a)(b), +is whether the defendant was prejudiced by the admission of the evidence[,]" not whether the defendant was prejudiced by "the lack of particularity in the notice." *Chase*, 240 Or App at 547 (citing *Iverson*, 185 Or App at 15-16 (rejecting the argument that the defendant was not prejudiced by the fact that state's notice was three days late on the ground that the "argument ignores the literal words of the rule, which provides that '[n]o statement may be admitted' unless the 15 day notice is given") (brackets in original)); *cf. State v. Lajoie*, 316 Or 63, 71-72, 849 P2d 479 (1993) (failure to comply with 15-day notice requirement of "rape shield" rule, OEC 412(4)(a), precludes admission of evidence under that rule); *State v. Thomas*, 53 Or App 375, 382, 631 P2d 1387 (1981) (failure to comply with five-day notice requirement for certain alibi evidence under ORS 135.445 mandates exclusion of such evidence).

"In the absence of overwhelming evidence of guilt, \*\*\* where \*\*\* erroneously admitted hearsay evidence significantly reinforces the declarant's testimony at trial, the admission of those statements constitutes error requiring reversal of the defendant's conviction[.]" *State v. Wood,* 253 Or App 97, 101, 289 P3d 348 (2012) (citing *Iverson,* 185 Or App at 16). Here, there was not overwhelming evidence of defendant's guilt, and, although there were some inconsistencies between C's different hearsay statements and her trial testimony, a jury could believe, as the state argued in the trial court, that hearsay statements corroborated C's testimony.

The case was a close one. The jury in the first trial could not reach verdicts on any of the counts alleging crimes against C. The jury in the second trial could not reach verdicts on two of the counts, and it found defendant not guilty of two other counts. It found defendant guilty of five counts, but its verdicts were not unanimous on any of those counts. Those outcomes indicate that "at least some jurors were at least somewhat less than completely convinced that [the alleged victim's] account of events was accurate[.]" *State v. Olsen,* 220 Or App 85, 92, 185 P3d 467 (2008) (holding that erroneous admission of alleged victim's hearsay statements was prejudicial where jury acquitted defendant of one count and could not reach a verdict on another); *Iverson,* 185 Or App at 16 (reasoning, in part, that erroneous admission of alleged victim's hearsay statements was prejudicial where the trial court granted motions for judgments of acquittal on three counts and the jury found the defendant not guilty on two other counts). The state's case depended on C's credibility, as the state emphasized in its closing argument. C's trial testimony was, at best, sparse and vague. The state used C's hearsay statements, including her tape-recorded statements, to corroborate C's trial testimony. As described, several of the state's witnesses testified that C had told them that defendant had sexually abused her. Some of the hearsay statements were made in 2006, four years before the trial in 2010, and the basic statements were repeated over time, a fact that the state emphasized to bolster C's credibility. In its closing argument, the state highlighted the statements that C had made to other witnesses, asserted

that those witnesses believed C, and urged the jury to follow their example.

Given the role that the hearsay statements played in the state's case, we cannot conclude that there is little likelihood that their erroneous admission into evidence affected the verdict. *See, e.g., McKinzie*, 186 Or App at 395-96 (admission of the alleged victim's hearsay statements was prejudicial where the statements included a videotaped interview, which the state played at trial "thereby giving the jury a second opportunity to hear the victim's account"); *Iverson*, 185 Or App at 16 (alleged victims' hearsay statements significantly reinforced their trial testimony where they "came in through several witnesses and included some of the first statements that the complainants made about the alleged abuse").[8]

Reversed and remanded.

---

[8] As explained, the state argues that defendant challenged only the admission of C's tape-recorded statements, but that is incorrect. 257 Or App at 31. But, even if only the tape-recorded statements were at issue, reversal would still be required because admission of the tape-recorded statements was prejudicial. Although there were some discrepancies between C's tape-recorded statements and her trial testimony, the tape-recorded statements did describe acts of abuse by defendant against C consistent with the alleged crimes. The state characterized the discrepancies as mere "omissions," explaining—as C herself testified—that she did not disclose all of the abuse in her initial reports because she was uncomfortable talking with the interviewer.