Submitted May 19, affirmed November 12, 2015, petition for review allowed March 3, 2016 (358 Or 794)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROGER ROBERT FEBUARY,
*Defendant-Appellant.*

Lincoln County Circuit Court
080982; A154662

361 P3d 661

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and James Aaron, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Edmonds, Senior Judge.

TOOKEY, J.

**TOOKEY, J.**

This case requires us to consider the contours of the prohibition against vindictive sentences for a defendant who is resentenced after a successful appeal. Defendant was originally convicted of five crimes, including providing alcohol to a person under 21 years of age (Count 2). The trial court imposed a total term of 170 months' imprisonment on the five convictions, with a term of 60 months' probation on Count 2. After a successful appeal, defendant pleaded guilty to two crimes, including providing alcohol to a person under 21 years of age (Count 2). When resentencing defendant, the trial court imposed a total term of 87 months' imprisonment on the two remaining convictions, with a term of 12 months' imprisonment on Count 2.

Defendant now appeals the resulting judgment of conviction as to his resentencing, arguing that the imposition of a term of 12 months' imprisonment on Count 2 denied him due process of law, in violation of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Specifically, defendant argues that the court's resentencing on Count 2 violated the prohibition against presumptively vindictive sentences, as pronounced by the United States Supreme Court in *North Carolina v. Pearce*, 395 US 711, 89 S Ct 2072, 23 L Ed 2d 656 (1969), and adopted by the Oregon Supreme Court in *State v. Partain*, 349 Or 10, 239 P3d 232 (2010) (abandoning the *per se* prohibition on an increased sentence following a successful appeal in favor of a presumption against increased sentences, which can be overcome if the reasons for imposing an increased sentence are based on identified facts of which the original sentencing judge was unaware, appear in the record, and satisfy a reviewing court that the decision to impose an increased sentence was not a product of vindictiveness). We review for legal error. *See* ORS 138.222(4)(a) ("In any appeal, the appellate court may review a claim that * * * [t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]"). Based on *Partain*, we conclude that the standard for measuring whether a new sentence triggers the presumption of vindictiveness is the aggregate approach; under that approach, the presumption of vindictiveness applies only when a trial

court resentences a defendant to a longer or otherwise more severe total sentence. Because, in this case, the trial court did not resentence defendant to a longer or otherwise more severe total sentence, we conclude that the presumption of vindictiveness does not apply, and, in the absence of that presumption, that defendant failed to prove actual vindictiveness. Accordingly, we affirm.

The facts in this case are undisputed. Based on defendant's conduct with his 13-year-old stepdaughter, defendant was originally convicted of five crimes: two counts of sexual abuse in the first degree, ORS 163.427 (Counts 1 and 4); one count of providing alcohol to a person under 21 years of age, ORS 471.410(2) (Count 2); one count of attempted sodomy in the second degree, ORS 163.395 (Count 3); and one count of sexual harassment, ORS 166.065(4)(a) (Count 7). The trial court sentenced defendant as follows: 75 months' imprisonment on Count 1; 60 months' probation on Count 2; 20 months' imprisonment on Count 3; 75 months' imprisonment on Count 4; and 60 months' probation on Count 7. The trial court ordered the probationary terms to be served concurrently and the prison terms to be served consecutively, for a total of 170 months in prison. Defendant appealed, and, based on evidentiary error, we reversed and remanded the case for further proceedings. *See State v. Febuary*, 253 Or App 658, 666, 292 P3d 604 (2012) (concluding that evidence of defendant's prior bad acts with the victim's oldest sister was inadmissible and that the error in admitting that evidence was not harmless).

On remand, defendant agreed to plead guilty to two of the charged crimes in exchange for the prosecutor's agreement to dismiss three of the charged crimes. Pursuant to the resulting guilty plea, defendant was convicted of one count of sexual abuse in the first degree (Count 1) and one count of providing alcohol to a person under 21 years of age (Count 2). At the sentencing hearing, the prosecutor asked the court to impose a consecutive sentence of 12 months' imprisonment on Count 2. The prosecutor spoke at some length about the damage that defendant had inflicted on the victim and the victim's family and argued that the time should be served consecutively, in part, because defendant provided alcohol to the victim to facilitate the crime of first-degree sexual

abuse. Defendant argued that the court lacked authority to sentence him to 12 months' imprisonment on Count 2 on the ground that such a sentence would violate the rule prohibiting presumptively vindictive sentences, which we discuss more fully below.

The trial court sentenced defendant to 75 months' imprisonment on Count 1 and 12 months' imprisonment on Count 2, and ordered those terms to be served consecutively, for a total of 87 months in prison. The court explained that, when imposing defendant's original sentence, the court could have sentenced defendant to jail time on Count 2, but "chose, with restraint, not to impose additional [jail] time then, because in the overall scheme, I thought the fourteen-plus years was sufficient punishment." When deciding to impose additional jail time on Count 2 on remand, the court stated that it was "absolutely not [its] purpose" to punish defendant for appealing his original convictions. Indeed, after quoting extensively from *Partain*, the court stated:

> "It's a non-vindictive reason to say, when I'm dealing with these two convictions, when, when the Providing Alcohol to a Minor wasn't just a matter of leaving a jug of whiskey on the coffee table for a child to use while they're watching television, this is a guy who offers his sick step-daughter, who's home * * * from school sick, offers her vodka and wine, and then comes back later to touch her vagina.

> "It is clearly * * * malicious. The provision of the alcohol to her. It was * * * with a very criminal intent. And that's what makes it way more than simply allowing an underage person to consume alcohol. This was done to facilitate the commission of the Sex Abuse in the First Degree, and it should be separately punishable."

In addition, the court stated:

> "And what I'm saying today is if, if this were all there were, if, if I hadn't done the first trial and if this came to me today for sentencing, would I give additional time for providing liquor to a stepdaughter when she's home sick? With, with the purpose in mind in providing that, to make it easier for him to commit Sex Abuse in the First Degree a little while later in the same home while the mother's gone and the sisters are gone? Absolutely."

Defendant now appeals, renewing his argument that the trial court lacked authority to resentence him to a prison term of 12 months on Count 2. He contends that, because his new sentence on Count 2—12 months' imprisonment—is more severe than the sentence that he originally received on Count 2—60 months' probation—his new sentence on Count 2 is a presumptively vindictive sentence that was imposed in violation of his right to due process, under *Pearce* and *Partain*. Defendant acknowledges that the total sentence that he received after resentencing— 87 months—is shorter than the total sentence that he originally received—170 months. However, defendant states, without development of any argument, that "the *Partain* rule should apply to the individual sentences imposed on each charge in a particular case."

The state responds that the presumption of vindictiveness does not apply in this case, because defendant's new total sentence, which is "about half as long" as his original total sentence, is "less severe than the original total sentence." Thus, according to the state, "[i]n the absence of evidence of actual vindictiveness, defendant's argument * * * fails."

The Due Process Clause provides that "[n]o state shall * * * deprive any person of life, liberty, or property without due process of law." "Due process of law * * * requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Pearce*, 395 US at 725. In addition, because "the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Id.*

To protect against vindictiveness and the apprehension of vindictiveness in resentencing, the United States Supreme Court announced, in *Pearce*, the following rule:

> "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must

be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

*Id.* at 726. That "rule has been read to '[apply] a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence.'" *Wasman v. United States*, 468 US 559, 565, 104 S Ct 3217, 82 L Ed 2d 424 (1984) (quoting *United States v. Goodwin*, 457 US 368, 374, 102 S Ct 2485, 73 L Ed 2d 74 (1982) (brackets in *Wasman*)).

In *Partain*, the Oregon Supreme Court held that the *Pearce* presumption of vindictiveness, as modified by the United States Supreme Court, is the appropriate rule for resentencing. The court first noted that the *Pearce* "requirement that any conduct on the part of the defendant that a court relies on to justify a longer sentence must have occurred 'after the time of the original sentencing proceeding' is no longer applicable." *Partain*, 349 Or at 25 n 8 (quoting *Texas v. McCullough*, 475 US 134, 141-42, 106 S Ct 976, 89 L Ed 2d 104 (1986) (allowing judge to consider newly learned information about the defendant that involved acts committed by the defendant before first sentencing proceeding; stating that to do otherwise could lead to a "bizarre conclusion")). The court then adopted "the *Pearce* standard, as modified by the [United States Supreme] Court in the manner noted," setting forth that standard as follows:

"If an Oregon trial judge believes that an offender whom the judge is about to resentence should receive a more severe sentence than the one originally imposed, the judge's reasons must affirmatively appear on the record. Those reasons must be based on identified facts of which the first sentencing judge was unaware, and must be such as to satisfy a reviewing court that the length of the sentence imposed is not a product of vindictiveness toward the offender. Absent such facts and reasons, an unexplained or inadequately explained increased sentence will be presumed to be based on vindictive motives, and will be reversed."

*Id.* at 25-26.

Although in *Partain* the Oregon Supreme Court adopted the *Pearce* presumption of vindictiveness, so modified, the court did not expressly clarify the precise standard for measuring whether a new sentence triggers the presumption of vindictiveness—an issue that, since the issuance of *Pearce*, "has been the subject of some confusion." *United States v. Campbell*, 106 F3d 64, 67 (5th Cir 1997).

On the one hand, a minority of appellate courts interpreting *Pearce* have adopted the "remainder aggregate" (or "count by count") approach. *See United States v. Markus*, 603 F2d 409, 413 (2d Cir 1979) (concluding that to compare severity of sentences, "the proper procedure is first to disregard the sentence originally imposed [on the dismissed count] and then compare the total remaining sentence imposed [on the remaining counts] with the petitioner's present position"); *United States v. Monaco*, 702 F2d 860, 885 (11th Cir 1983) ("To calculate and compare aggregate sentences where the first sentence is vacated and the defendant is retried, reconvicted and resentenced, we follow the Second Circuit's approach in *United States v. Markus*[.]"). Under that approach, those courts "compare the defendant's new sentence to his previous sentence *without the vacated count(s)*." *United States v. Weingarten*, 713 F3d 704, 711 (2d Cir 2013) (emphasis in original). "If the new sentence on the remaining counts exceeds the original sentence on those counts, the *Pearce* presumption attaches." *Campbell*, 106 F3d at 68.

On the other hand, a majority of appellate courts interpreting *Pearce* have adopted the aggregate approach. *See, e.g., Campbell*, 106 F3d at 68 ("[W]e adopt the majority 'aggregate approach' as the rule in [the Fifth] Circuit."); *United States v. Sullivan*, 967 F2d 370, 374 (10th Cir 1992), *cert den*, 506 US 1066 (1993) ("We must examine Russell Sullivan's sentences in the aggregate rather than count by count."); *Kelly v. Neubert*, 898 F2d 15, 18 (3d Cir 1990) ("Like the First and Seventh Circuits, we believe *Pearce*'s per se prophylactic rule should not be mechanically applied when some of the defendant's individual sentences are increased, but his aggregate sentence is reduced on remand following a successful appeal."); *United States v. Mancari*, 914 F2d 1014, 1020 (7th Cir 1990), *cert den*, 499 US 924

(1991) ("Our approach to the problem of resentencing * * * is in general harmony with [the aggregate approach] of the First Circuit in [*United States v.*] *Pimienta-Redondo*[, 874 F2d 9 (1st Cir), *cert den*, 493 US 890 (1989)] and the Fourth Circuit in [*United States v.*] *Gray*[, 852 F2d 136 (4th Cir 1988)]."); *Gray*, 852 F2d at 138 (concluding, "under the 'aggregate package' rule[,]" that "resentencing will not be considered vindictive if the ultimate sentence for one or more counts does not exceed that given for all counts sentenced at the conclusion of the first trial"); *United States v. Bay*, 820 F2d 1511, 1513 (9th Cir 1987) ("Our precedent thus instructs us to evaluate Bay's sentence in the aggregate and not merely with respect to each individual count."); *see also State v. Hudson*, 293 Ga 656, 657, 748 SE2d 910, 911 (2013) ("[W]e now adopt the aggregate approach, and we overrule [our former precedent] to the extent it requires application of the count-by-count approach."); *State v. Harrington*, 805 NW2d 391, 396 (Iowa 2011), *cert den*, 132 S Ct 1915 (2012) ("We are persuaded of the soundness of the aggregate approach and adopt it."). Under that approach, those courts "compare the total original sentence to the total sentence after resentencing. If the new sentence is greater than the original sentence, the new sentence is considered more severe." *Campbell*, 106 F3d at 68. Thus, under the aggregate approach, if the new total sentence is less than the original total sentence, the new sentence does not trigger the *Pearce* presumption of vindictiveness.

To determine which approach is to be applied by Oregon courts, we return to *Partain* for guidance. In *Partain*, the Oregon Supreme Court considered the propriety of a 600-month prison sentence imposed on the defendant in a sex abuse case, after this court had vacated the 420-month sentence that the trial court originally had imposed. 349 Or at 12. The Oregon Supreme Court set forth the history of the case as follows:

> "In 2003, defendant was convicted of multiple sex crimes—12 in all—in a single proceeding. At sentencing, the trial court imposed various sentences and ordered that certain of the sentences be served consecutively to others. Altogether, the sentences required defendant to serve 420 months in prison. The judgment stated, with respect to

each sentence, that defendant would not be eligible for any sentence reduction program.

"Defendant appealed, arguing (1) that the trial court had erred in requiring that defendant serve the sentences imposed on four of the convictions consecutively to certain other sentences, and (2) that, with respect to the same four sentences, the trial court had erred in denying defendant eligibility for sentence reduction programs without making certain findings in open court that, under ORS 137.750, are required when sentences are so limited. At some point in the appeal, the state conceded error with respect to defendant's second argument, and joined with defendant in a motion to vacate the erroneous sentences and to remand the entire case for resentencing. The Court of Appeals granted the motion.

"On remand, no new evidence or information was placed on the record. In entering its sentence on remand, the trial court discharged the four sentences that had been the focus of defendant's appeal, but structured the remaining sentences in a way that resulted in an overall term of 600 months in prison. The court did not state any reasons for imposing the lengthier overall sentence."

*Id.* at 12-13.

After holding that a modified version of the *Pearce* presumption of vindictiveness is the appropriate rule for resentencing, the Oregon Supreme Court remanded the case to the trial court so that the trial court could have an opportunity to clarify the record. *Id.* at 26. In so doing, the Oregon Supreme Court stated:

"On remand, the trial court may choose to impose a sentence that does not exceed the original total sentence of 420 months, which would not require a statement of the court's reasons for imposing the sentence. If the court chooses, instead, to impose a longer or otherwise more severe total sentence, it must place on the record one or more nonvindictive reasons for doing so."

*Id.*

Based on our review of *Partain*, we conclude that the standard for measuring whether a new sentence triggers the presumption of vindictiveness is the aggregate approach;

under that approach, the presumption of vindictiveness applies only when a trial court resentences a defendant to a longer or otherwise more severe total sentence. We first note that, when setting forth the procedural facts in *Partain*, the Oregon Supreme Court stated that the "defendant was convicted of multiple sex crimes—12 in all—in a single proceeding"; that the trial court had "imposed various sentences and ordered that certain of the sentences be served consecutively to others"; and that, "[a]ltogether, the sentences required defendant to serve 420 months in prison." *Id.* at 12. When setting forth information about the defendant's new sentence, the Oregon Supreme Court stated that the trial court had "structured the remaining sentences in a way that resulted in an overall term of 600 months in prison." *Id.* at 13. Thus, it appears that the Oregon Supreme Court, in *Partain*, was not considering the length or nature of the individual sentences that had been imposed by the trial court after each sentencing proceeding, but only the length of the total sentences that had been imposed.

We also note that, when instructing the trial court on how to proceed on remand, the Oregon Supreme Court gave the trial court two distinct choices. On the one hand, the trial court could choose "to impose a sentence that does not exceed the original *total sentence* of 420 months" without supplying its reasons for imposing the sentence. *Id.* at 26 (emphasis added). On the other hand, the trial court could choose "to impose a longer or otherwise more severe *total sentence*" and to supply "one or more nonvindictive reasons for doing so." *Id.* (emphasis added). That language strongly suggests that the Oregon Supreme Court, in *Partain*, intended the presumption of vindictiveness to apply only in a case where the trial court resentenced the defendant to a longer or otherwise more severe *total* sentence.

In so concluding, we note that the aggregate approach supports "the need for flexibility and discretion in the sentencing process[,]" *Chaffin v. Stynchcombe*, 412 US 17, 25, 93 S Ct 1977, 36 L Ed 2d 714 (1973), by permitting a trial court to consider a variety of factors when determining the appropriate sentence on remand. As the United States Court of Appeals for the First Circuit has explained:

"[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal."

*Pimienta-Redondo*, 874 F2d at 14.

We also note that the application of the aggregate approach should not discourage defendants from appealing their convictions or their sentences. The presumption of vindictiveness is a prophylactic rule that is at least partially intended to ensure that defendants are not unconstitutionally deterred from exercising their rights to appeal—that is, as the United States Supreme Court has explained, the rule was partially based on the concern that "the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction[.]" *Pearce*, 395 US at 725. No such concern arises in a case where a defendant's aggregate penalty is not worsened as a result of a successful appeal. Indeed, as the result of a successful appeal in this case, defendant was resentenced to a term of imprisonment that was approximately half as long as his original sentence.

We further note that our decision to apply the aggregate approach is consistent with the majority of courts from other jurisdictions that have considered the issue. *See Adams v. State*, 287 Ga 513, 517, 696 SE2d 676, 679 (2010) ("The vast majority of federal and state appellate courts that have addressed this issue have adopted the aggregate approach[.]"). We note, in particular, that the United States Court of Appeals for the Ninth Circuit has adopted the "aggregate package" approach. *See Bay*, 820 F2d at 1513 ("Our precedent thus instructs us to evaluate Bay's sentence in the aggregate and not merely with respect to each individual count."). Although we are not bound by the decisions of the United States Court of Appeals for the Ninth Circuit,

"Oregon courts often give particular weight to those decisions because Oregon lies in that circuit." *Miller v. Pacific Trawlers, Inc.*, 204 Or App 585, 612 n 23, 131 P3d 821 (2006).

In addition, we note that the United States Court of Appeals for the Fifth Circuit has considered a case that serves as an instructive example for this case because the issue in that case is strikingly similar to the one now before us—whether the district court had imposed an improperly vindictive sentence when resentencing the defendant to a term of imprisonment for a particular charged crime, when the defendant had originally been sentenced to probation for that crime. *Campbell*, 106 F3d at 65. Specifically, the defendant in *Campbell*, who had originally been convicted of making a false entry in bank records (Count 1), conspiracy to commit bank fraud (Count 2), and bank fraud (Count 3), was originally sentenced to five years' probation on Count 1 and 51 months' imprisonment on Counts 2 and 3, with the sentences to run concurrently. *Id.* at 66. After a successful appeal, the defendant was convicted of only one crime— making a false entry in bank records (Count 1)—and sentenced to 40 months' imprisonment on that crime. *Id.* After choosing the aggregate approach, the Fifth Circuit ultimately affirmed that portion of the defendant's new sentence on the ground that the total sentence on remand "was plainly less severe" than the original total sentence. *Id.* at 69.[1]

---

[1] We also note that our conclusion generally aligns with subsequent decisions of the United States Supreme Court that have limited the application of the *Pearce* presumption of vindictiveness. The Court has stated that, "[w]hile the *Pearce* opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness 'do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial.'" *Alabama v. Smith*, 490 US 794, 799, 109 S Ct 2201, 104 L Ed 2d 865 (1989) (quoting *McCullough*, 475 US at 138) (second brackets in *Smith*); *see, e.g., Goodwin*, 457 US at 384 (stating that "[t]he possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so unlikely that a presumption of vindictiveness certainly is not warranted"); *Colten v. Kentucky*, 407 US 104, 105-06, 116, 92 S Ct 1953, 32 L Ed 2d 584 (1972) (stating that "[t]he possibility of vindictiveness, found to exist in *Pearce*, is not inherent in the Kentucky two-tier system" of trying criminal cases, "whereby a person charged with a misdemeanor may be tried first in an inferior court and, if dissatisfied with the outcome, may have a trial *de novo* in a court of general criminal jurisdiction but must run the risk, if convicted, of receiving a greater punishment"); *Chaffin*, 412 US at 25 (stating that "*Pearce* was not written with a view to protecting against the mere possibility that, once the slate is wiped clean and the prosecution begins anew, a fresh sentence may be higher for

Having concluded that the standard for measuring whether a new sentence triggers the presumption of vindictiveness is the aggregate approach, we must now evaluate defendant's claim that his new sentence violated his rights to due process because it was vindictive. As previously noted, defendant was originally sentenced to a total of 170 months in prison. After remand, defendant was sentenced to a total of 87 months in prison. Accordingly, the trial court did not resentence defendant to a longer or otherwise more severe total sentence. Thus, the presumption of vindictiveness does not apply.

"[W]here the presumption [of vindictiveness] does not apply, the defendant must affirmatively prove actual vindictiveness." *Wasman,* 468 US at 569. In this case, defendant does not argue that the court demonstrated actual vindictiveness, and the record does not support such a conclusion. The court here stated that it was "[a]bsolutely not [its] purpose" to punish defendant for appealing his original convictions. The trial court also stated that, given the facts of the case—that defendant had provided alcohol to his stepdaughter to facilitate the crime of first-degree sexual abuse and that defendant's conduct was "clearly * * * malicious"—if the trial court "hadn't done the first trial and if this came * * * today for sentencing," the trial court "[a]bsolutely" would have imposed jail time on Count 2, even though it had not done so after the first trial. In light of the trial court's statements as to its reasons for imposing a term of imprisonment on Count 2, we conclude that defendant has not proved actual vindictiveness.

Affirmed.

---

some valid reason associated with the need for flexibility and discretion in the sentencing process" and concluding that there is no presumption of vindictiveness in jury sentencing). Those limitations appear to be at least partly due to the fact that the *Pearce* presumption "may operate in the absence of any proof of an improper motive and thus may block a legitimate response to criminal conduct[.]" *Goodwin,* 457 US at 373.