Argued and submitted January 20, remanded for resentencing, otherwise
affirmed October 12, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER LEE NORRIS,
*Defendant-Appellant.*

Linn County Circuit Court
13CR04610; A156747

383 P3d 944

Erik Blumenthal, Deputy Public Defender, argued the
cause for appellant. With him on the brief was Peter Gartlan,
Chief Defender, Office of Public Defense Services.

Dustin Buehler, Assistant Attorney General, argued the
cause for respondent. With him on the brief were Ellen F.
Rosenblum, Attorney General, and Paul L. Smith, Deputy
Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge,
and DeHoog, Judge.

## TOOKEY, J.

Defendant appeals a judgment of conviction for five counts of unauthorized use of a vehicle (Counts 2 through 6), ORS 164.135, and one count of first-degree criminal mischief (Count 7), ORS 164.365. Defendant raises two assignments of error. In his first assignment of error, defendant makes an unpreserved argument that the trial court erred in failing to merge the guilty verdicts on Counts 2 through 6 into a single conviction.[1] In his second assignment of error, defendant argues that the trial court erred in imposing consecutive sentences for Counts 2 and 3. We write only to discuss defendant's second assignment of error. For the reasons that follow, we remand for resentencing and otherwise affirm.

The relevant facts are not in dispute. Defendant and his codefendants took five all terrain vehicles (ATVs) from the victim that were enclosed in a hauler trailer. Defendant and his codefendants then hid the ATVs and deserted the trailer. The next day, defendant and one of his codefendants returned to where they had hidden the ATVs, rode, and eventually sold two of the ATVs. At trial, defendant pleaded guilty to five counts of unauthorized use of a vehicle (UUV) for unlawfully and knowingly taking, operating, exercising control over, riding in, or otherwise using five different ATVs belonging to the victim. Defendant also pleaded guilty to first-degree criminal mischief. At sentencing, the state argued that, pursuant to ORS 137.123(5)(a), the trial court should sentence defendant to consecutive terms of imprisonment. The state reasoned that "when there are five motor vehicles stolen, even though it is in the same course of conduct," that conduct indicates defendant's willingness to commit more than one crime. In response, defendant argued that the sentences should run concurrently because the five UUV convictions arose as part of a "continuous course of conduct" that resulted from defendant's theft of a single trailer containing five ATVs and analogized his conduct to

---

[1] We decline to exercise our discretion to address defendant's unpreserved merger claim. The trial court may resolve that issue on remand. *See State v. Sauceda*, 236 Or App 358, 362, 239 P3d 996 (2010) (declining to reach unpreserved merger claim where "the trial court will have an opportunity to address that issue in the first instance" on remand for resentencing under ORS 138.222(5)).

that of a person stealing a pack of gift cards. The trial court disagreed with defendant's analogy, reasoning that defendant's conduct was more analogous to a person stealing "five or six different objects from different locations" in a store. Following the state's recommendation, the trial court imposed consecutive sentences for Counts 2 and 3. The court explained, "[P]ursuant to [ORS] 137.123(5), the Court finds that Counts 2 and 3 were not merely incidental violations of different statutes, but constituted separate crimes justifying consecutive sentences." The trial court imposed 13 month sentences for each count of UUV, with Counts 2 and 3 to run consecutively, for a total of 26 months' imprisonment.

On appeal, defendant assigns error to the trial court's imposition of consecutive sentences for Counts 2 and 3. The issue presented by the parties is whether the trial court erred by imposing consecutive sentences for two counts of UUV under ORS 137.123(5)(a). That statute provides:

> "The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:
>
> "(a)   That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense[.]"

> "[A] trial court's determination under ORS 137.123(5)(a) that, in committing a particular offense, a defendant showed 'a willingness to commit more than one criminal offense' is a factual determination that we review under the 'deferential standard of review' of whether there is any evidence in the record to support that finding."

*State v. Traylor*, 267 Or App 613, 616, 341 P3d 156 (2014). Here, we conclude that the trial court's determination that defendant willingly committed more than one criminal offense is unsupported by any evidence in the record. Although imposition of consecutive terms of imprisonment is appropriate where the record contains "discrete facts" to support an inference that the defendant was willing to commit

more than one criminal offense, *State v. Warren*, 168 Or App 1, 6, 5 P3d 1115, *rev den*, 330 Or 412 (2000), the record in this case contains no such facts. *Cf. State v. Rojas-Montalvo*, 153 Or App 222, 957 P2d 163, *rev den*, 327 Or 192 (1998) (holding that the defendant could be given consecutive sentences for possession and delivery of controlled substances where, in addition to the large quantities of cocaine in defendant's possession, there were a small scale, a box of baggies, a pager, and some small plastic bindles containing cocaine).

At sentencing, defendant's counsel and the court engaged in a brief colloquy attempting to analogize defendant's conduct. Defendant argued that his conduct was akin to stealing a pack of gift cards whereas the trial court thought defendant's conduct was more akin to stealing multiple items from a store. However, that does not support an inference that defendant intended to commit a separate offense. Because the record lacks any discrete facts evincing defendant's willingness to commit more than one criminal offense, the trial court erred in relying on ORS 137.123(5)(a) to impose a consecutive term of imprisonment for Counts 2 and 3.

In its brief, the state requests that if we remand in this case, the trial court be afforded the opportunity to analyze whether ORS 137.123(5)(b)[2] provides a basis for consecutive sentences in this case. The trial court will be afforded that opportunity as we are remanding for resentencing under ORS 138.222(5)(a).[3]

Remanded for resentencing; otherwise affirmed.

---

[2] ORS 137.123(5)(b) provides, in pertinent part,

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"* * * * *

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim * * *."

[3] ORS 138.222(5)(a) provides, in part, that "If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."