Argued and submitted September 28, 2015; remanded for resentencing, otherwise affirmed October 19, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD EDWIN BRADLEY, II,
*Defendant-Appellant.*

Washington County Circuit Court
C081099CR; A155858

383 P3d 937

Meredith Allen, Deputy Public Defender, argued the cause for appellant. With her on the opening brief was Peter Gartlan, Chief Defender, Office of Public Defense Services. With her on the reply brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Flynn, Judge.*

---

* Flynn, J., *vice* Nakamoto, J. pro tempore.

**TOOKEY, J.**

Defendant was convicted of nine counts of sexual abuse in the first degree (Counts 1-7, 12, and 13), two counts of unlawful sexual penetration in the first degree (Counts 10 and 11), and one count of sodomy in the first degree (Count 14). Following a successful appeal, in which we overturned defendant's convictions on Counts 1 to 7, 10, and 11, *State v. Bradley*, 253 Or App 277, 290 P3d 827 (2012), the trial court resentenced defendant on the affirmed counts (Counts 12, 13, and 14). Defendant appeals the resulting judgment of conviction on Counts 12, 13, and 14, raising three assignments of error. For the reasons that follow, we remand for resentencing and otherwise affirm.

The following facts are undisputed. Defendant was originally sentenced to a total of 215 months' imprisonment based on his conduct with two victims, C and Z. For the conduct with Z, the trial court imposed prison terms of 34 months each on Counts 12 and 13, 115 months on Count 14, and ordered all of the prison terms to be served concurrently. On appeal, we reversed and remanded the convictions with respect to C because of evidentiary error (Counts 1-7, 10, and 11) and affirmed the convictions with respect to Z (Counts 12, 13, and 14). *Bradley*, 253 Or App at 287.

Pursuant to ORS 138.222(5)(b), the trial court held a resentencing hearing on the affirmed counts.[1] Defendant raised three arguments at resentencing. He argued that the trial court could not impose a longer sentence than it had originally imposed on the affirmed counts, that the guilty verdicts on Counts 12 and 13 should merge under ORS 161.067(3), and that his sentences on Counts 12 and 13 should run concurrently under ORS 137.123(5).

Citing *State v. Partain*, 349 Or 10, 239 P3d 232 (2010), defendant argued that the sentencing court could not impose a longer sentence on the three affirmed counts than had been originally imposed:

---

[1] ORS 138.222(5)(b) provides:

"If the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court shall remand the case to the trial court for resentencing on the affirmed count or counts."

"I believe the holding in that case is that the court can do so *** for a non-vindictive reason. *** So if you find out something more or something worse or perhaps even if there was a crime committed in prison or bad behavior in prison, the Court could essentially impose a harsher sentence.

"Interestingly in this case, the other case that was reversed, they have not been retried and essentially he is receiving a harsher sentence now. *** He has essentially done nothing other than serve his sentence *** and appeal his sentence, part of which was reversed and he is now facing the possibility of receiving a harsher sentence and we object to that."

The court ruled:

"Okay, so let me first put on the record that the sentence that I am about to impose is not a vindictive sentence. There is nothing vindictive about this case. *** I am not being vindictive. In fact, the sentence I am going to impose is a lesser sentence than he originally got and it's a lesser sentence for several reasons.

"One, well he wasn't convicted of the charges against him on the other victim [and they] were reversed so he doesn't stand convicted of those counts. That is partially why he is receiving a lesser sentence. Another reason is that he has done well while he is in jail. He has completed some programs, so that also calls for a lesser sentence. But at the same time, the Court is entitled to consider—now this is interesting—the Court is entitled to consider the sexual abuse of the child whose cases were reversed and remanded.

"The reason why I say that is because those were reversed and remanded, so he can stand trial for those again and when a Court sentences a defendant, the Court often hears from victims of crimes who were never convicted or never prosecuted, but the Court can consider that other abuse.

"I think that it hasn't been put on the record and I know [the state] doesn't want to go there, but as far as the record goes there is a strong possibility in this case that he may not even have to be re-prosecuted for those cases. The State might elect not to prosecute him on the other child's case. They might consider this sentence sufficient. But it doesn't

mean I can't also consider that in making my sentence. So there is a lot of stuff that goes into making this decision and so it's just not a sentence that—I mean a lot of thought has gone into this.

"But I think that it is real clear that it should be stated once again that there is nothing vindictive about this sentence and he is getting a lesser sentence than he originally served and it was for those reasons I have already previously stated."

Additionally, the court denied defendant's request to merge the guilty verdicts on Counts 12 and 13, concluding that the counts encompassed "separate criminal acts," and sentenced Counts 12 and 13 consecutively because of "defendant's willingness to commit more than one criminal offense." The trial court imposed a total sentence of 183 months' imprisonment on the three affirmed counts, 68 months longer than the 115 months that it had originally imposed for those counts when they ran concurrently. Following entry of the judgment on the affirmed counts, on the state's motion, the court dismissed the remaining counts that had been reversed.

In his first assignment, defendant contends that the trial court erred by imposing a longer sentence on Counts 12, 13, and 14 at resentencing. Specifically, defendant argues that the resentencing court violated his due process rights when it imposed "consecutive sentences on affirmed counts that previously carried concurrent sentences, while the reversed counts [were] still pending for trial, without any new information" to justify imposing a longer sentence. The state responds, asserting that the "trial court did not engage in vindictive sentencing in retaliation for defendant's successful appeal."

We review for legal error. *See* ORS 138.222(4)(a) ("In any appeal, the appellate court may review a claim that *** [t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]"). "[W]hen a criminal case is before a court for resentencing pursuant to ORS 138.222(5), the court must impose a sentence that is constitutional at the time of resentencing[.]" *State v. Hollingquest*, 241 Or App 1, 6, 250 P3d 366 (2011). The Due Process Clause of the Fourteenth Amendment to

the United States Constitution provides that "[n]o state shall *** deprive any person of life, liberty, or property without due process of law." "Due process of law *** requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v. Pearce,* 395 US 711, 725, 89 S Ct 2072, 23 L Ed 2d 656 (1969), *overruled in part on other grounds by Alabama v. Smith,* 490 US 794, 109 S Ct 2201, 104 L Ed 2d 865 (1989).

In *Partain,* the Oregon Supreme Court discussed *Pearce* and set forth the standard that governs resentencing in Oregon:

> "If an Oregon trial judge believes that an offender whom the judge is about to resentence should receive a more severe sentence than the one originally imposed, the judge's reasons must affirmatively appear on the record. Those reasons must be based on identified facts of which the first sentencing judge was unaware, and must be such as to satisfy a reviewing court that the length of the sentence imposed is not a product of vindictiveness toward the offender. Absent such facts and reasons, an unexplained or inadequately explained increased sentence will be presumed to be based on vindictive motives, and will be reversed."

349 Or at 25-26.

In *State v. Febuary,* 274 Or App 820, 361 P3d 661 (2015), *rev allowed,* 358 Or 794 (2016), we stated that a presumption that a sentence was based on vindictive motives "applies only when a trial court resentences a defendant to a longer or otherwise more severe *total sentence." Id.* at 829 (emphasis added). As previously noted, defendant was originally sentenced to a total of 215 months in prison. After remand, defendant was sentenced to a total of 183 months in prison. Thus, there is no presumption in this case that the sentence was vindictive. When the presumption of vindictiveness does not apply, "the defendant must affirmatively prove actual vindictiveness." *Wasman v. United States,* 468 US 559, 569, 104 S Ct 3217, 82 L Ed 2d 424 (1984).

Defendant argues that "[t]he procedure employed by the court, severing the indictment for sentencing yet

using the unconvicted conduct against defendant, gives the appearance of vindictiveness." The court believed that it was "entitled to consider the sexual abuse of the child whose cases were reversed and remanded" and the "strong possibility" that the state might not elect to prosecute those charges if the sentence on the affirmed counts was "sufficient." As we set forth below, we conclude that it was not entitled to do so.

In *Febuary*, we concluded that the presumption of vindictiveness did not apply and that the record did not support a conclusion that the trial court demonstrated actual vindictiveness. 274 Or App at 832. In the defendant's first appeal, all five of his convictions were reversed due to evidentiary error and the case was remanded to the trial court. *Id.* at 822. On remand, the "defendant agreed to plead guilty to two of the charged crimes in exchange for the prosecutor's agreement to dismiss three of the charged crimes." *Id.* When the trial court resentenced the defendant for those two remaining crimes, it explained that, when it imposed the defendant's original sentence, it could have sentenced the defendant to jail time for providing alcohol to a minor, but it "chose, with restraint, not to impose additional [jail] time then, because in the overall scheme, [it] thought the fourteen-plus years was sufficient punishment." *Id.* at 823 (internal quotation marks omitted). Considering the defendant's conduct during the commission of the crime—that the defendant provided "liquor to a stepdaughter when [she was] home sick * * * to make it easier for him to commit Sex Abuse in the First Degree"—the court stated that, "if this were all there were * * * [and] if I hadn't done the first trial and this came to me today for sentencing," the court "absolutely" would have given the defendant additional time for providing liquor to a minor to facilitate sexual abuse. *Id.* (internal quotation marks omitted). After concluding that the presumption of vindictiveness did not apply, we concluded that, "[i]n light of the trial courts statements as to its reasons for imposing a term of imprisonment [for furnishing alcohol to a minor]," the defendant did not prove actual vindictiveness. *Id.* at 832.

Conversely, in this case, the record demonstrates that the trial court did what *Partain* is intended to protect

against; it imposed a sentence that effectively punished defendant for his success on appeal. Unlike the defendant in *Febuary*, defendant did not agree to a plea prior to his resentencing so the state would dismiss the reversed counts that were pending prosecution. As noted, the trial court concluded that it was "entitled to consider the sexual abuse of the child whose cases were reversed and remanded" because of the "strong possibility" that "[t]he State might elect not to prosecute him on the other child's case[;] [t]hey might consider this sentence sufficient."

That conclusion is problematic. When we reversed defendant's convictions with respect to the other victim, C, we stated:

> "Here, the only nonhearsay evidence that supported the sexual abuse charges concerning C was her own direct testimony. The erroneously admitted statement that defendant touched C's breast was the only evidence that defendant committed the offense charged in Count 7; therefore, the error was not harmless with respect to Count 7. With respect to the remaining counts, C's out-of-court statements were substantially the same as her trial testimony. However, they were not merely cumulative because, as defendant observes, the state relied upon them to bolster C's credibility."

*Bradley*, 253 Or App at 285. We also stated that "[t]he victim's credibility was important for the state to establish, because no physical evidence was available, and there were no witnesses to the alleged abuse." *Id.* at 286. Thus, the state's case against defendant on the reversed counts would not be supported by that evidence if he were retried and, as noted, the state dismissed the reversed counts once defendant had received an increased sentence on the affirmed counts.

Defendant's sentence should not have been increased such that the prosecution would be relieved of its burden to prove the reversed counts beyond a reasonable doubt. That is the essence of punishing defendant for his success on appeal. The court's sentence was not part of a reconstructed sentencing package following a plea agreement to "ensure that the punishment still fits both crime and criminal," *United*

*States v. Pimienta-Redondo*, 874 F2d 9, 14 (1st Cir 1989), because defendant was facing prosecution for the charges that had been reversed. *See Wasman*, 468 US at 570 (noting that "the judge informed the parties that, although he did not consider pending *charges* when sentencing a defendant, he always took into account prior criminal *convictions*. This, of course, was proper; indeed, failure to do so would have been inappropriate" (emphases in original)); *State v. Sierra*, 278 Or App 96, 100, 374 P3d 952 (2016) (concluding that it was proper for the resentencing court to consider "testimony from some of [the] defendant's victims about the long-term effects that [the] defendant's crimes had on them" and the "defendant's misconduct while incarcerated" to justify imposing a longer sentence). To the extent that the court on resentencing after an appeal relies on an impermissible consideration in increasing the sentence imposed on particular counts, the defendant establishes that the sentence is vindictive. Because the trial court based its decision to increase the sentence for the affirmed counts on the reversed counts that were still pending prosecution, the trial court exceeded the applicable limits under the Due Process Clause of the Fourteenth Amendment. Thus, defendant has affirmatively proved actual vindictiveness.

We need not address defendant's additional assignments concerning the merger of the guilty verdicts on Counts 12 and 13 and whether those sentences should be run concurrently pursuant to ORS 137.123 because, on remand, the trial court will have the ability to reconsider and restructure the entire sentencing package. *See* ORS 138.222(5)(a) ("If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The trial court may impose a new sentence for any conviction in the remanded case.").

We reject the state's argument that defendant's merger claim is outside the scope of a remand for resentencing under ORS 138.222(5)(a). In *State v. Davis*, 265 Or App 425, 438, 335 P3d 322 (2014), *rev den*, 356 Or 837 (2015), we stated that we have jurisdiction over a merger claim because it is a challenge "based on the sentence" under ORS 138.222(7) and is reviewable under ORS 138.222(4) because

it "raises a claim that the 'sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence.'" (Quoting ORS 138.222(4)(a).). In other words, a merger claim is "congruent with the scope of issues that are reviewable under ORS 138.222." *State v. Clements*, 265 Or App 9, 18, 333 P3d 1177 (2014), *rev den*, 356 Or 689 (2015). Because a merger claim is reviewable on appeal as a sentencing claim under ORS 138.222, it is also "congruent with the scope of issues" that pertain to a resentencing hearing under ORS 138.222(5)(a). *Id.; see State v. Sauceda*, 236 Or App 358, 362, 239 P3d 996 (2010) (declining to reach unpreserved merger claim where "the trial court will have an opportunity to address that issue in the first instance" on remand for resentencing under ORS 138.222(5)). "[W]e have held on numerous occasions that we need not address each and every assignment of error pertaining to sentencing on appeal if we conclude that one of the errors is an error that requires plenary resentencing under ORS 138.222(5)." *Hollingquest*, 241 Or App at 5 (collecting cases).

Remanded for resentencing; otherwise affirmed.