352 December 6, 2023 No. 633

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHREE KRISHNA SANGROLLA,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR37625; A177852

Benjamin N. Souede, Judge.

Submitted October 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

After remand from this court for resentencing, defendant appeals a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427, raising two assignments of error.

In his first assignment of error, defendant contends that we must reverse and remand for resentencing, because the sentencing court's resentencing on remand was vindictive in violation of defendant's right to due process. For the reasons that follow, we reject defendant's first assignment of error on the merits. In his second assignment of error, defendant contends that the sentencing court erred in imposing restitution outside of his presence. We reject defendant's second assignment of error as moot.[1]

Consequently, we affirm.

## BACKGROUND

The material facts are both procedural and undisputed. As relevant to the issues on appeal, this case concerns three counts related to defendant's alleged conduct against a single victim: two counts of first-degree sexual abuse (Counts 3 and 7) and one count of first-degree rape (Count 5).[2] After a jury trial, the jury returned a nonunanimous guilty verdict on Count 5 and unanimous guilty verdicts on Counts 3 and 7.

---

[1] The sentencing court stated during defendant's resentencing hearing that it did not intend to impose restitution; however, it included a restitution award in the judgment of conviction. During the pendency of this appeal, the sentencing court became aware of the restitution term contained in the judgment and, on its own motion, issued an amended judgment pursuant ORS 137.172, excising the restitution award. *See* ORS 137.172(1) ("The trial court retains authority after entry of judgment of conviction or a supplemental judgment, including during the pendency of an appeal, to modify the judgment, including the sentence, to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment.").

[2] Defendant was charged with two counts of first-degree rape (Counts 1 and 5), two counts of first-degree unlawful sexual penetration (Counts 2 and 6), and four counts of first-degree sexual abuse (Counts 3, 4, 7, and 8). Defendant waived his right to a jury trial as to Counts 1 and 2, and the court found him not guilty of those counts. A jury found defendant guilty on Counts 3, 4, 5, 7, and 8, and not guilty on Count 6. The court merged the verdict on Count 4 into the verdict on Count 3. It also merged the verdict on Count 8 into the verdict on Count 7, leaving the counts at issue in this appeal, namely, Counts 3, 5, and 7.

Initially, the sentencing court sentenced defendant to a total of 124 months' imprisonment: On Count 3, the sentencing court sentenced defendant to 75 months' imprisonment, but ordered 24 months to be served consecutively to the sentence on Count 5; on Count 5, the sentencing court sentenced defendant to 100 months' imprisonment; and on Count 7, the sentencing court sentenced defendant to 75 months' imprisonment, to be served concurrently with the sentence on Count 5.

Defendant appealed the resulting judgment. On appeal, we reversed and remanded the conviction on Count 5, because the verdict on that count was nonunanimous. *State v. Sangrolla*, 309 Or App 316, 317, 481 P3d 411, *rev den*, 368 Or 514 (2021). We remanded for resentencing on Counts 3 and 7 and otherwise affirmed. *Id.*

On remand, the sentencing court held a resentencing hearing on Counts 3 and 7 before Count 5 was adjudicated or dismissed. During that hearing, defendant argued that in proceeding with resentencing on Counts 3 and 7 prior to the dismissal or adjudication of Count 5, the sentencing court would violate the Due Process Clause of the Fourteenth Amendment. The sentencing court disagreed and resentenced defendant on Counts 3 and 7 to a total of 111 months' imprisonment. Both of those counts carried a mandatory minimum sentence under ORS 137.700 of 75 months' imprisonment, and the sentencing court sentenced defendant to 75 months' imprisonment on each. However, with regard to Count 7, the sentencing court sentenced defendant to serve 36 months consecutively to Count 3, and the remaining 39 months concurrently with Count 3.

In explaining how it reached that sentence, the sentencing court noted that "without the Rape conviction"—*i.e.*, without Count 5, which this court had reversed and remanded—the conduct for which it was sentencing defendant was different than that at issue during the original sentencing. The sentencing court, therefore, did not believe "that the total amount [of] time in custody imposed" during defendant's original sentencing was appropriate. Nevertheless, it recognized that the "conviction on Count 7 demonstrates that this victim was subject to sexual abuse

on multiple occasions by this defendant" and that, therefore, the court believed a sentence "that includes consecutive time" was appropriate "to account for that this victim was victimized on multiple occasions."

Defendant then requested that the sentencing court set a date by which the state would inform defendant and the court as to how it intended to proceed on Count 5. The court set a date approximately two weeks out, at which time the state moved to dismiss Count 5. The court granted the motion and dismissed Count 5 without prejudice, noting that "the victim does not wish to prosecute [Count 5] at this time, and that the ends of justice will best be served by the dismissal."

The sentencing court then entered a judgment dismissing Count 5 and sentencing defendant to 111 months' imprisonment on Counts 3 and 7. Defendant appeals that judgment.

## ANALYSIS

As noted above, in his first assignment of error, defendant contends that we must reverse his sentence and remand for resentencing, because the sentence on remand was vindictive in violation of defendant's right to due process. Reviewing for legal error, *State v. Bradley*, 281 Or App 696, 700, 383 P3d 937 (2016), *rev den*, 361 Or 645 (2017), we disagree.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o state shall *** deprive any person of life, liberty, or property without due process of law." "Due process of law requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Bradley*, 281 Or App at 701 (internal quotation marks and ellipses omitted).

A presumption that a sentence imposed on resentencing was based on vindictive motives in violation of due process "applies only when a sentencing court resentences a defendant to a longer or otherwise more severe *total*

*sentence.*" *Id.* (internal quotation marks omitted; emphasis in *Bradley*); *see also State v. Febuary*, 361 Or 544, 565, 396 P3d 894 (2017) ("[T]he correct approach" to determine whether a presumption of vindictiveness applies on resentencing "is to compare the aggregate original sentence to the aggregate sentence on remand."). A presumption of vindictiveness on resentencing does not apply where, as here, a defendant's aggregate sentence is less on resentencing than the aggregate sentence that was originally imposed by the sentencing court. *Febuary*, 361 Or at 565 (no presumption of an "improper motive on the part of the trial judge" where defendant's initial sentence was "170 months' imprisonment and 60 months' probation, and his subsequent sentence was 87 months' imprisonment"). Where a presumption of vindictiveness does not apply, a defendant "must affirmatively prove actual vindictiveness" to establish a vindictive sentence in violation of their due process rights. *Bradley*, 281 Or App at 701 (internal quotation marks omitted).

As we understand his argument, relying on *Bradley*, defendant contends that actual vindictiveness is established where, as here, a sentencing court imposes a "longer sentence on the affirmed counts" (Counts 3 and 7) "before the reversed count" (Count 5) is "disposed of."[3] We disagree that *Bradley* can be read as broadly as defendant contends.

In *Bradley*, the defendant was originally sentenced to a total of 215 months' imprisonment based on his convictions for conduct against two victims, C and Z, with 115 months attributable to his conduct against Z, and the remainder attributable to his conduct against C. 281 Or App at 698. On appeal, we reversed and remanded the convictions with respect to C because of evidentiary error, affirmed the convictions with respect to Z, and remanded for resentencing. *Id.*

At the defendant's resentencing, while the charges related to C were still pending, the sentencing court imposed

---

[3] We do not understand defendant to be arguing that we should expand the presumption of vindictiveness to the facts of this case. But if he is, that argument is undeveloped, and we will not address it. *See Beall Transport Equipment Co. v. Southern Pacific Trans.*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be" or "to make or develop a party's argument when that party has not endeavored to do so itself.").

a total sentence of 183 months' imprisonment for defendant's conduct against Z. *Id.* at 700. The court explained that in imposing the sentence on remand it was "entitled to consider * * * the sexual abuse of [C] whose cases were reversed and remanded." *Id.* at 699. It reasoned that "the Court often hears from victims of crimes [when the perpetrator was] never convicted or never prosecuted, but the Court can consider that other abuse" in fashioning a sentence. *Id.* It also stated:

> "I think that it hasn't been put on the record and I know [the state] doesn't want to go there, but as far as the record goes there is a strong possibility in this case that [the defendant] may not even have to be re-prosecuted for [the crimes against C]. The state might elect not to prosecute [the defendant] on [C's] case. They might consider this sentence sufficient. But it doesn't mean I can't also consider that in making my sentence."

*Id.* at 700-01.

Following the defendant's resentencing, on the state's motion, the court dismissed the counts that had been reversed—*i.e.*, those concerning C. *Id.* at 700. The defendant appealed, arguing, among other points, "that the trial court erred by imposing a longer sentence [on the counts regarding Z at] resentencing." *Id.* We agreed. *Id.* at 704.

We explained that the court's conclusion that it was "'entitled to consider the sexual abuse of [C] whose cases were reversed and remanded' because of the 'strong possibility' that 'the State might elect not to prosecute him on the other child's case" was "problematic." *Id.* at 703 (brackets omitted). That was so because the court, in considering the conduct underlying the reversed counts in its sentencing decision, effectively relieved the state of its "burden to prove the reversed counts beyond a reasonable doubt," which is "the essence of punishing defendant for his success on appeal." *Id.* Further, to "the extent that the court on resentencing after an appeal relies on an impermissible consideration in increasing the sentence imposed on particular counts, the defendant establishes that the sentence is vindictive." *Id.* Thus, because in *Bradley*, the trial court "based its decision to increase the sentence for the affirmed

counts on the reversed counts that were still pending prosecution, the trial court exceeded the applicable limits under the Due Process Clause of the Fourteenth Amendment" and the defendant had "affirmatively proved actual vindictiveness." *Id.* at 704.

Defendant is correct that this case bears some similarities to *Bradley*. In both cases, the court resentenced a defendant to longer sentences on particular counts (here, Counts 3 and 7, and in *Bradley*, the counts concerning Z). In both cases, during resentencing, a count or counts that we had previously reversed were pending (here, Count 5, and in *Bradley*, the counts concerning C). And, in both cases, on a motion by the state, the count or counts that we had reversed were dismissed after resentencing (here, Count 5, and in *Bradley*, the counts concerning C).

However, the distinctions between the cases are more significant than the similarities. As detailed above, in *Bradley*, the sentencing court expressly considered the "the sexual abuse of [C] whose cases were reversed and remanded," which effectively relieved the state of its "burden to prove [that conduct] beyond a reasonable doubt," and that was the "essence of punishing defendant for his success on appeal." *Id.* at 703.

In contrast, in this case, when resentencing defendant, the sentencing court did not consider the conduct underlying Count 5. Instead, as noted above, in its discussion of Count 7, the sentencing court took note that the state had proven beyond a reasonable doubt that defendant had sexually abused the victim on multiple occasions. As a result, the sentencing court determined that a sentence regarding Count 7 that included consecutive time to Count 3 was appropriate to account for that conduct.

That is, in this case, the sentencing court did not consider the conduct underlying Count 5 that had been reversed and remanded, and it, therefore, did not relieve the state of meeting its burden of proof with respect to Count 5 if it had decided to reprosecute Count 5 once this court sent the case back to the sentencing court.

Consequently, unlike the defendant in *Bradley*, defendant in this case has not "affirmatively proved actual vindictiveness." *Id.* at 704. Put plainly, defendant has not pointed to any "impermissible consideration" relied on by the sentencing court in this case as the defendant in *Bradley* did. *Id.* Therefore, we affirm.

Affirmed.