No. 817 September 17, 2025 465

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM COREY FLEMING,
*Defendant-Appellant.*

Columbia County Circuit Court
19CR50186; A181101

Michael T. Clarke, Judge.

Argued and submitted April 2, 2025.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Convictions on Counts 19 and 20 reversed; remanded for resentencing; otherwise affirmed.

**EGAN, J.**

In this criminal appeal, defendant was convicted of attempted murder (Counts 1 to 10), assault (Counts 11 to 13), unlawful use of weapon (Counts 14 to 16), sexual offenses (Counts 17 and 18), and tampering with witnesses (Counts 19 and 20). The trial court sentenced him to a total of 555 months in prison. On appeal, defendant raises six assignments of error. In the first, he challenges the trial court's exclusion of evidence regarding his mental health history. In the second, he contends that the court plainly erred by failing to *sua sponte* grant judgments of acquittal for tampering with a witness (Counts 19 and 20) despite the lack of any evidence that he attempted to murder the complainants in order to prevent them from testifying at an official proceeding. In the third through fifth assignments of error, defendant argues that the trial court erred when it failed to merge certain offenses. Lastly, in the sixth assignment of error, defendant challenges the trial court's order running the sentences on Count 18 (first-degree sexual abuse) and Count 17 (first-degree sodomy) consecutively. As explained below, we affirm the trial court on the first and sixth assignments of error, reverse on the second assignment of error, and, as a result, do not reach assignments three to five.

*First Assignment of Error.* In defendant's first assignment of error, he argues that the trial court erred in excluding evidence about his mental health history, which would have rebutted the state's cross-examination and supported his self-defense theory on the attempted-murder charges, because that evidence supported "the reasonability of his belief about the need to defend himself" at the time of the shooting. He argues that the exclusion of that evidence violated his due process right to present a defense.

In response, the state argues that defendant failed to raise the constitutional due process issue below, that defendant did not request plain error review, and that any error was harmless. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule,

provided that the appellate court may, in its discretion, consider a plain error.").

We agree that defendant failed to preserve the issue, and we decline to exercise our discretion to correct any plain error. Below, defendant made only a narrow argument regarding the relevance of the proposed testimony. He did not make any argument that the disputed testimony was relevant to the reasonableness of his perceived need to defend himself at the time of the shooting. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (to preserve an issue for appellate review, a party must provide the trial court with a specific and clear objection, stating both the legal grounds and reasoning behind it, which ensures that the trial court had the opportunity to consider and correct any alleged error immediately—if correction was warranted—before it is reviewed on appeal).

Even if the trial court plainly erred, we would not exercise our discretion to correct the error, both because defendant has not requested plain error review, and because it is unlikely that the additional testimony would have materially changed the record given that defendant testified without objection about his history of psychiatric hospitalization and his mental health diagnosis related to his military service. *See State v. Horton*, 327 Or App 256, 535 P3d 338 (2023) (declining to exercise our discretion to correct an instructional error, because "viewing the records as a whole and in the context of the juries' other findings, even though there [was] *some* likelihood that the verdict would have been different (such that the error was not legally harmless), it [was] an extremely low likelihood") (emphasis in original).

*Second Assignment of Error.* In his second assignment of error, which he acknowledges is unpreserved, defendant argues that the trial court erred in entering convictions for tampering with a witness (Counts 19 and 20), because there was no evidence that defendant's attempt to murder two men was an attempt to induce them to offer false testimony or to unlawfully withhold testimony from an official proceeding. *See* ORS 162.285(1)(a) (a person commits the crime of tampering with a witness if, "[t]he person knowingly induces or attempts to induce a witness or a person

the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony"). We understand defendant's argument to be a challenge to the sufficiency of the evidence, and a contention that the trial court plainly erred by not *sua sponte* granting judgments of acquittal on those charges. The state concedes the error. Defendant requests that we exercise our discretion to correct the issue under plain error review.

We accept the state's concession. Here, although defendant tried to murder the complainants, even in the light most favorable to the state, that act was not an attempt to induce the complainants to offer false testimony or to unlawfully withhold testimony from an official proceeding. At most, defendant's intention was to keep the men from calling the police, *not* to keep them from testifying in a proceeding that did not yet exist. *See State v. Bailey*, 346 Or 551, 567, 213 P3d 1240 (2009) (concluding that the evidence was insufficient to sustain a conviction for witness tampering where the defendant threatened immediate consequences if his daughter made a police report, because a jury could not reasonably infer that those threats were about preventing the daughter from testifying at a hypothetical future criminal prosecution). The trial court therefore plainly erred by failing to *sua sponte* grant judgments of acquittal on Counts 19 and 20, and we exercise our discretion to correct that error under ORAP 5.45(1).

*Third, Fourth, and Fifth Assignments of Error.* We do not reach defendant's third through fifth assignments of error, in which defendant argues that the trial court plainly erred in failing to merge the verdicts on three different pairs of offenses (Count 12 with Count 3; Count 14 with Count 1; and Count 15 with Count 3). Those arguments are better directed to the trial court on remand, particularly given that it has not yet had an opportunity to consider them. *See State v. Bradley*, 281 Or App 696, 704-05, 383 P3d 937 (2016), *rev den*, 361 Or 645 (2017) (declining to address the defendant's claim that the trial court erred in failing to merge the guilty verdicts on two counts "because, on remand, the trial court will have the ability to reconsider and restructure the entire sentencing package," and rejecting an argument

that merger issues are beyond the scope of resentencing on remand); *State v. Norris*, 281 Or App 512, 513 n 1, 383 P3d 944 (2016) ("We decline to exercise our discretion to address [the] defendant's unpreserved merger claim. The trial court may resolve that issue on remand.").

*Sixth Assignment of Error.* In defendant's last assignment of error, he contends that the trial court erred in ordering that the sentence on Count 18 (first-degree sexual abuse) be served consecutively to the sentence on Count 17 (first-degree sodomy). The state argues, among other things, that the trial court did not err in imposing consecutive sentences because the record supports its findings that the offenses did not arise from the same continuous and uninterrupted course of conduct.

Under ORS 137.123(2), a trial court may impose consecutive sentences for "criminal offenses that do not arise from the same continuous and uninterrupted course of conduct." We review for legal error "whether there is any evidence to support the trial court's finding[]." *State v. Wolfgang*, 278 Or App 781, 791, 379 P3d 759 (2016).

In this case, the evidentiary record demonstrates that the sodomy and sexual abuse incidents occurred at different locations and times, involving unique circumstances. The incident underlying Count 17 occurred when defendant forced his penis inside the child's mouth in exchange for allowing her to have a piece of her birthday cake—an incident that occurred *in defendant's room* "on or about June 16, 2019." In contrast, Count 18 involved sexual abuse in the first degree, which occurred *in the living room*, when defendant and the child were alone and defendant would take her hand and put it on his penis "on or between April 7, 2019 and July 2, 2019." On those facts, the trial court did not err in finding that Count 17 did not arise from the same continuous and uninterrupted course of conduct as Count 18. ORS 137.123(2); *Wolfgang*, 278 Or App at 791. The sodomy occurred at a different location than the acts of sexual abuse and it involved a unique circumstance—the birthday cake bribe.

Convictions on Counts 19 and 20 reversed; remanded for resentencing; otherwise affirmed.